# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Pikeville Division**

| | |
|---|---|
| Helena L. Gibson )<br>    *Plaintiff* )<br> )<br>v. )   Case No.<br> )<br>First Resolution Investment Corp. )<br>    *Defendant* )<br>Serve: )<br>    Corporate Service Center, Inc. )<br>    5605 Riggins Court, Suite 200 )<br>    Reno, NV 89502 )<br> )<br>Unifund CCR, LLC )<br>*Successor in Interest to* )<br>First Resolution Investment Corp. )<br>    *Defendant* )<br>Serve: )<br>    Corporation Service Company )<br>    421 West Main Street )<br>    Frankfort, KY 40601 )<br> )<br>Unifund CCR Partners )<br>*Succcessor in Interest to* )<br>First Resolution Investment Corp. )<br>*and Assumed Name for* )<br>Credit Card Receivables Fund, Inc. *and* )<br>ZB Limited Partnership )<br>    *Defendant* )<br>Serve: )<br>    Credit Card Receivables Fund, Inc. )<br>    c/o Corporation Service Company )<br>    2711 Centerville Road, Suite 400 )<br>    Wilmington, DE 19808 )<br> )<br>    ZB Limited Partnership )<br>    c/o Corporation Service Company )<br>    2711 Centerville Road, Suite 400 )<br>    Wilmington, DE 19808 )<br>_____ ) | |

# COMPLAINT and DEMAND FOR JURY TRIAL

\* \* \* \* \*

## INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d). Plaintiff Helena L. Gibson asks the Court to take supplemental jurisdiction over her related state statutory claim under 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff, Helena L. Gibson, is a natural person who resides in Pike County, Ky. Ms. Gibson is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. First Resolution Investment Corp. ("FRIC") is a foreign corporation that is not registered with the Kentucky Secretary of State. FRIC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. FRIC either sold all of its assets to the Unifund Group of companies and/or transferred its assets to the Unifund Group of companies for servicing.[1]

5. FRIC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6. Unifund CCR, LLC is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR, LLC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR, LLC's principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

7. Unifund CCR, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

8. Unifund CCR Partners is a New York general partnership comprising two partners: Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

9. Unifund CCR Partners is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR Partners is engaged in the business of

---

[1] http://www.firstresolution.com (visited March 23, 2017).

purchasing debt from creditors and collecting these debts in this state. Unifund CCR Partners' principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

10.  Unifund CCR Partners is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

11.  FRIC is or was a Canadian corporation.

12.  On April 11, 2011, FRIC filed suit against Ms. Gibson in the Pike District Court of Pike County, Kentucky under Case No. 11-C-00391 (the "State Court Lawsuit"). A true and accurate of the complaint in the State Court Lawsuit is attached as Exhibit "A."

13.  FRIC's complaint in the State Court Lawsuit was an attempt to collect a charged-off credit card originated by Chase Manhattan Bank USA, N.A. ("Chase").

14.  The Chase credit card at issue in the State Court Lawsuit was used solely for personal, family, or household purposes, which makes the Chase credit card debt a "debt" within the meaning of the FDCPA.

15.  FRIC's complaint in the State Court Lawsuit avers *inter alia* that Ms. Gibson owed FRIC the principal amount of $1,252.36 plus interest at the rate of 24.00% per annum from March 31, 2006.

16.  On July 5, 2012 FRIC moved for default judgment against Ms. Gibson in the State Court Lawsuit.

17.  The Pike District Court entered default judgment in FRIC's favor in the State Court Lawsuit on July 9, 2012 (the "Default Judgment"). A true and accurate copy of the Default Judgment is attached as Exhibit "B."

18.  The Default Judgment provides in pertinent part:

## DEFAULT JUDGMENT

This action coming on to be heard on the plaintiff's complaint, the Defendant, HELENA L GIBSON, was served with a Civil Summons and Complaint in Pike County, KY on May 24, 2012 by Sheriff, it is considered and adjudged that the plaintiff, First Resolution Investment Corp., recover of the defendant HELENA L GIBSON, the sum of $1,252.36 plus interest at the rate of 24.00 % per annum from March 31, 2006 until date of judgment, then 24.00 % per annum thereafter from the date of judgment until paid, and the further sum of $275.52 attorney's fees pursuant to KRS 286.3-750 and it's court costs, for all of which execution may issue forthwith.

This is a final Judgment and there is no just reason for delay in this entry.

19. While the Default Judgment awards "court costs" to FRIC, no amount of court costs is included or set forth in the amount of the judgment.

20. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

21. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

22. If a prevailing party fails to file a bill of costs as required by law, the prevailing

party may not recover court costs from the losing party.

23. FRIC did not file a bill of costs in the State Court Lawsuit.

24. FRIC did not serve a bill of costs on Ms. Gibson related to its costs expended in the State Court Lawsuit.

25. There is no supplemental judgment entered in the State Court Lawsuit awarding FRIC costs.

26. On or about March 19, 2015, the Unifund Group acquired all of FRIC's assets.

27. Upon information and belief, the Unifund Group acquired the FRIC judgment against Ms. Gibson as part of this acquisition.

28. Upon information and belief, Unifund CCR, LLC and Unifund CCR Partners are affiliated with the Unifund Group.

29. On March 28, 2016, FRIC and/or Unifund CCR, LLC and/or Unifund CCR Partners caused a wage garnishment (the "Wage Garnishment") to be executed and filed in an attempt to collect the Default Judgment.

30. A true and accurate copy of the Wage Garnishment is attached as Exhibit "C."

31. The Wage Garnishment provides in pertinent part:

| JUDGMENT DEBTOR: | JUDGMENT CREDITOR: | FIRST RESOLUTION INVESTMENT CORPOR[ATION] |
|---|---|---|
| HELENA L GIBSON | Amount Due: $ | 6,932.06 |
| | Probable Court Costs: $ | 242.02 |
| | Judgment Date: | 07/09/2012 |
| | Creditor's Attorney: | Michael J. Keeney 88948<br>PO BOX 42372<br>CINCINNATI, OH 45242<br>(859) 628-1701 |

32. Upon information and belief, the "Amount Due" of $6,932.06 includes self-awarded court costs that neither FRIC, nor Unifund CCR, LLC, nor Unifund CCR Partners has any legal right to recover from Ms. Gibson.

33. The "Probable Court Costs" of $242.02 consists in whole or in part of self-awarded court costs, collection expenses, and statutory fees that are not recoverable court costs under

-5-

Kentucky law and for which no Bill of Costs was filed.

34. The legal rate of interest under Kentucky law is 8.00% per annum.

35. The 24.00% per annum interest rate awarded to FRIC in the Default Judgment is grossly in excess of the legal rate.

36. The 24.00% per annum interest rate awarded to FRIC in the Default Judgment is usurious under Kentucky law therefore Unifund CCR, LLC and/or Unifund CCR Partners, as FRIC's successor(s) in interest, have forfeited its right to recover *any* interest from Ms. Gibson by garnishing her wages at a usurious interest rate:

> The taking, receiving, reserving, or **charging a rate of interest greater than is allowed by KRS 360.010**, when knowingly done, **shall be deemed a forfeiture of the entire interest** which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon.

KRS 360.020 (bolding added).

37. Further, Ms. Gibson has the right to recover twice the usurious interest paid to Unifund CCR, LLC and/or Unifund CCR Partners under the Wage Garnishment:

> In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the creditors taking or receiving the same: provided, that such action is commenced within two (2) years from the time the usurious transaction occurred.

*Id.*

38. The Default Judgment is no bar to Ms. Gibson's cause of action under KRS 360.020. *Sherley v. Trabue*, 85 Ky. 71, 2 S.W. 656, 657 (1887) ("Our conclusion is that the borrower may recover usury paid by him either upon a judgment at law or in equity, and that he may do so by an action at law."). *Accord Courtney v. Dunning*, 201 Ky. 242, 256 S.W. 411, 412 (1923).

39. The Wage Garnishment issued by FRIC, Unifund CCR, LLC, and/or Unifund CCR Partners has caused Ms. Gibson great economic hardship.

40. The Wage Garnishment has also taken a huge emotional and physical toll on Ms. Gibson.

41. FRIC, Unifund CCR, LLC, and/or Unifund CCR Partners violated the FDCPA by taking or attempting to take usurious interest from Ms. Gibson, misrepresenting the amount of the debt in the Wage Garnishment, including costs and fees in the amount of court costs listed in the Wage Garnishment that are not allowable as court costs, and including a claim for court costs in the Wage Garnishment where no Bill of Costs was filed in the State Court Lawsuit.

## Claims for Relief

I. **Claims against First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners**

   A. **Violations of the FDCPA**

42. The foregoing acts and omissions of First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

   B. **Violation of KRS 360.020**

43. First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners filed a Wage Garnishment and served the same on on Ms. Gibson's employer that included simple interest accrued at 24% per annum.

44. The 24% per annum accrued interest violates the interest permitted by KRS 360.010.

45. By collecting usurious interest from Ms. Gibson, First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners have forfeited the right to any interest from Ms. Gibson under the Default Judgment.

46. Under KRS 360.020, Ms. Gibson has the right to recover twice the usurious interest paid to First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners under the Wage Garnishment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Helena L. Gibson requests that the Court grant her the following relief:

1. Award Plaintiff actual damages, including but not limited to damages for emotional distress, upset, frustration, and anxiety as the result of the usurious interest paid to Defendants under the Wage Garnishment;

2.  Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3.  Award Plaintiff twice the total usurious interest paid to Defendants under the Wage Garnishment pursuant to KRS 360.020.

4.  Award Plaintiff reasonable attorney's fees and costs;

5.  A trial by jury; and

6.  Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com